NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

John L. DENNEHY, Defendant.

NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

L.A. DERRICK, Jr., Defendant.

NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

Richard S. JOHNSTON, Defendant.

NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

Leo T. METCALF, Defendant.

NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

James PARRISH, Defendant.

NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

O.A. PHILLIPS, Defendant.

NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

David W. TOMPKINS, Defendant.

NORTHWESTERN NATIONAL INSURANCE COMPANY, a Wisconsin corporation, Plaintiff,

v.

Mitchell MAY, III, Defendant.

Civ. A. Nos. 89–C–524, 89–C–525, 89–C–530, 89–C–532, 89–C–534, 89–C–535, 89–C–538 and 89–C–539.

United States District Court, E.D. Wisconsin.

June 22, 1990.

Richard C. Ninneman and John A. Roth-stein, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Stephen E. Kravit, Kravit, Waisbren & DeBruin, Milwaukee, Wis., and Martha B. Lawley, Ryan, Shoss, Sudan & Lawley, Houston, Tex., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On May 5, 1989, plaintiff Northwestern National Insurance Company ("NN") commenced these actions to recover money paid out under a surety bond. On March 9,

1990, the court consolidated the above cases for all pretrial purposes.

In the March 9, 1990 order, the court denied defendants' motions to dismiss or in the alternative to change venue. The following opinion constitutes the reasoning behind the March 9, 1990 order. Since the facts in the above cases are identical in most respects, the opinion will refer to the defendants collectively except where there are factual differences.

## FACTS

All of the defendants reside in Texas, except for defendants John L. Dennehy ("Dennehy") who presently resides in California and Mitchell May, III ("May") who resides in New York. Dennehy has resided in California for the past two years (Dennehy Aff.). Prior to that time, Dennehy was a resident of Ohio for five years (*Id.*). NN is a Wisconsin insurance corporation having its principal place of business in Brookfield, Wisconsin (Complaint ¶ 2). Prior to 1981, Scott Science and Technology ("SST"), a company founded by former astronaut David R. Scott ("Scott"), developed an optoelectronic sensor purportedly capable of measuring physical characteristics of structures and material such as bending, vibration, and load capability (Complaint ¶ 4).

In 1981, Scott and SST formed an Arizona limited partnership by the name of Perimeter Security System Research and Development Program ("PSS") to develop a subsurface security system designed to protect the perimeter of large geographical areas, such as oil fields, air fields, pipelines, and penal institutions (Complaint ¶ 5).

In November or December of 1981, each of the defendants purchased a partnership interest in PSS and in consideration paid a sum of cash and executed and delivered short-term promissory notes (since paid off) and two long-term non-interest bearing notes (collectively the "Long Term Notes") (Complaint ¶ 6). The first Long Term Note had a maturity date of May 1, 1989, and the second, May 1, 1990 (*Id.*).

In May 1984, each of the defendants was approached by PSS and Scott concerning a refinancing plan. As part of that plan, each of them received by U.S. mail, in the state where they reside, new notes and an indemnity agreement. Dennehy received the documents in Ohio. Each executed the new notes and the indemnity agreement in the state where they reside and mailed them back to California. The indemnity agreement which each defendant signed is identical. It is two pages long and contains a forum selection clause on the second page. The clause states:

> Venue, at the Company's option for litigation and/or arbitration, shall be in the County designated on the front page under the description of the Company's address.

The top of the front page lists the company and its address as: Northwestern National Insurance Company of Milwaukee, Wisconsin, 731 N. Jackson Street, Milwaukee, Milwaukee County, Wisconsin 53201.

On May 5, 1989, NN filed the above-captioned actions against each of the defendants seeking money in connection with the indemnity agreements executed by plaintiff to guarantee payment of certain long-term notes of the defendants. Each of the defendants filed motions to dismiss for lack of personal jurisdiction and in the alternative for a transfer of this case to the United States District Court for the Southern District of Texas, Houston Division. The motions are virtually identical, and the same arguments are set forth in the various motions. Therefore, the court will deal with all of the motions as if they were one motion.

## MOTION TO DISMISS

NN asserts that this court has diversity jurisdiction over this action and that venue is proper pursuant to the parties' contractual designation.

Defendants moved to dismiss on the ground that this court lacks personal jurisdiction over them because they have no contacts with the state of Wisconsin and are therefore not subject to jurisdiction here under Wisconsin's long arm statute.

The enforceability of contractual forum selection clauses is governed by federal law. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Personal jurisdiction can be conferred by either express or implied consent. *Heller Financial, Inc. v. Midwhey Power Co., Inc.*, 883 F.2d 1286, 1290 (7th Cir.1989). In the commercial context, parties, for business or convenience reasons, frequently "stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Id.* Such a forum-selection clause should control unless there is a "strong showing that it should be set aside." *Id.*

In *Heller*, the forum selection provision provided that the defendant would "submit, at [plaintiff's] election to the exclusive jurisdiction and venue of any courts [within Illinois]." In the present case the forum selection clause did not mention jurisdiction or personal jurisdiction, and the issue before this court is whether consent to personal jurisdiction is implicit when a party consents to venue. The court finds that when a party consents to venue in a particular court, it implicitly consents to the exercise of personal jurisdiction by that court.

The defendants' argument that the forum selection clause should be ignored because the contract is an adhesion contract is unpersuasive. Basic contract law establishes a duty to read the contract; it is no defense to say "I did not read what I was signing." *Heller*, 883 F.2d at 1292. The contract in question is only two pages long. The first page contains blanks in which defendants filled out the details of their respective financial conditions; the second page contains the indemnity agreement which consists of a little more than half of a page of text, including the forum selection clause, and a signature line. The defendants had a duty to read the indemnity agreement before signing it. It is no defense now for defendants to say that the contract was not a freely negotiated contract because they didn't read it.

## DEFENDANTS' MOTION TO TRANSFER VENUE

In the alternative to their personal jurisdiction challenge, defendants ask this court to transfer the cases to the Southern District of Texas. Defendants cite *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988), for the proposition that the forum selection clause in the indemnity agreement does not control the disposition of a motion to transfer pursuant to 28 U.S.C. § 1404(a). The *Stewart* case held that forum-selection clauses should only receive the consideration for which Congress provided in § 1404(a).

Whether these actions could have been brought in the district to which transfer is sought is the initial determination to be made prior to any transfer under § 1404(a). Title 28 U.S.C. § 1391(a) provides that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Defendants L.A. Derrick, Jr., Richard S. Johnston, Leo T. Metcalf, James J. Parrish, O.A. Phillips, and David W. Tompkins reside in Texas, so that venue in their cases is proper in Texas. Defendants Dennehy and May do not reside in Texas. In the Dennehy and May cases, venue would not be proper in Texas unless their causes of action arose there. Based on the record before this court, it is difficult to determine whether this cause of action arose in Texas. Even assuming that Dennehy's and May's causes of action arose in Texas and that venue is proper there, however, the court finds that neither they nor any of the other defendants have met their burden of showing that these actions should be transferred to Texas.

Section 1404(a) requires that when a transfer is sought the following three factors must be considered: the convenience of the parties, the convenience of the witnesses, and the interests of justice. Defendants are correct in citing *Stewart* for the proposition that a forum selection

clause is not dispositive under § 1404(a). That is because only one of the § 1404(a) factors—convenience of the parties—is within the parties' power to waive. The *Stewart* case went on to state that the presence of a forum-selection clause is a significant factor that figures centrally in a district court's determination of a motion to transfer. *Stewart Organization v. Ricoh Corp.*, 487 U.S. at 29–30, 108 S.Ct. at 2243–2244, 101 L.Ed.2d at 31.

■■■ Defendants have the burden of showing that the "transferee forum is clearly more convenient." *Heller*, 883 F.2d 1286 (7th Cir.1989). By virtue of the forum-selection clause, defendants have waived the right to assert their own inconvenience as a reason to transfer the case. *Id.* With respect to the convenience of the witnesses, defendants have listed many witnesses, but they have not explained why all of the listed witnesses are needed nor the significance of their expected testimony. NN asserts that much of the testimony will be cumulative. Based on the record before this court, the court finds that defendants have not met their burden of showing that the convenience of the witnesses favors transferring these cases to a Texas federal court.

■■■ The final factor to be considered is the interests of justice prong of § 1404(a). The interests of justice include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case. *Heller*, 883 F.2d 1286, 1293 (7th Cir.1989). Defendants have made no showing that speedier trials will be ensured in the Southern District of Texas, and they have not argued that Texas law will apply. Defendants assert that most of the documentary evidence is in Texas, but they have not identified what documents are going to be produced at trial or demonstrated that it would be any more burdensome to produce them in Wisconsin than it would be to produce them in Texas.

Defendants also argue that these actions should be transferred to Texas so that all of the pending cases can be consolidated. NN commenced the present actions by filing complaints against each of the defendants on May 5, 1989. On June 22, 1989, defendants commenced an action against NN and others in the United States District Court for the Southern District of Texas. Keeping in mind that defendants consented to venue in Wisconsin for litigation concerning the indemnity agreements, the court is not persuaded that the interests of justice favors transfer of these actions to Texas just because defendants commenced a similar action there more than a month after the actions in this court were commenced.

IT IS THEREFORE ORDERED that defendants' motions to dismiss or in the alternative to transfer these actions are denied.